UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALFREDO LOZANO MARES | § | |
| | § | |
| VS. | § | Civil Action:_____ |
| | § | |
| CAMERON COUNTY SHERIFF OMAR LUCIO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY | § § § | |

# **COMPLAINT**

The Plaintiff, ALFREDO LOZANO MARES, moves the Court for entry of Judgment in his favor against the CAMERON COUNTY SHERIFF OMAR LUCIO, Individually and in his Official Capacity and in support of such Complaint avers as follows:

### NATURE OF ACTION AND JURISDICTION

1. This is a civil action under 42 U.S.C. § 1983 seeking damages and injunctive relief against Defendants for committing acts, under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States, retaliating against Plaintiff ALFREDO LOZANO MARES in subjecting him to unlawful, unconstitutional restraint due to the Plaintiff being indigent; and for refusing or neglecting to prevent such deprivations and unlawful restraints against Plaintiff.

2. This case arises under the United States Constitution and 42 U.S.C. 1983 and 1988, as amended. This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1331 and 1343. The declaratory relief sought is authorized by 28 U.S.C. 2201 and 2202, 42 U.S.C. 1983 and Rule 57 of the Federal Rules of Civil Procedure.

3. Plaintiffs ALFREDO LOZANO MARES brings this action resulting from damages incurred due to ALFREDO LOZANO MARES, after being acquitted by a jury of the only criminal charges pending against him, upon the NOT GUILTY verdict being pronounced in open court and over the objections of his trial counsel, Plaintiff was handcuffed, shackled, and incarcerated against his will, transported in a jail van to the Rucker-Carrizales Detention center and subsequently released about an hour later, in violation of his federal constitutional rights under the 4th, 5th and 8th Amendment and the Equal Protection Clause of the 14th Amendment to the United States Constitution.

4. This Court is an appropriate venue for this action pursuant to 28 U.S.C. 1391(b)(1) and (2). The actions complained of took place in this judicial district; evidence and records relevant to the allegations are maintained in this judicial district; Plaintiff ALFREDO LOZANO MARES was illegally restrained in this judicial district but for the unlawful actions and practices of the Defendant Cameron County Sheriff, Omar Lucio is present and regularly conducts affairs in this judicial district.

## PARTIES

5. Plaintiff ALFREDO LOZANO MARES resides in San Benito, Cameron County, Texas.

6. Defendant Cameron County Sheriff, Omar Lucio is the elected sheriff of Cameron County, Texas. He is sued for damages and declaratory judgment in his individual capacity and in his official capacity and may be served with process in his place of employment 7100 Old Alice Rd, Brownsville, Texas 78575.

FACTS

7.  On June 16, 2017, after a four-day felony criminal trial before the Defendant Judge Juan Magallanes, Plaintiff ALFREDO LOZANO MARES was acquitted by the jury when the verdict of Not Guilty was pronounced by Defendant Juan Magallanes in open court.

8.  Plaintiff ALFREDO LOZANO MARES had been in custody for approximately 95 continuous days since he could not afford the $150,000.00 bond that was set on his indictment.

9.  Plaintiff ALFREDO LOZANO MARES, at the time of the Not Guilty verdict, had no other criminal charges pending against him what so ever or any holds detaining him of any kind.

10.  Plaintiff ALFREDO LOZANO MARES, over objection of his trial counsel, was then handcuffed, shackled and escorted by court officers through the prisoner tunnel to the Old County Jail.

11.  Plaintiff ALFREDO LOZANO MARES, handcuffed and shackled, was then transported in a jail transport vehicle to the Carrizales-Rucker Detention Center.

12.  At the Carrizales-Rucker Detention Center, Plaintiff ALFREDO LOZANO MARES was then changed back into jail overalls, taken into the jail facility to his cell to retrieve personal items before finally being released.

13.  Plaintiff ALFREO LOZANO MARES, from the time the Not Guilty verdict was pronounced until he walked out of the detention facility, was detained an hour.

**CAUSES OF ACTION**
**COUNT ONE**
**Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988 Violation of Fourth Amendment Right to Be Free of Unreasonable Seizures   (Against All Defendants)**

14.  The foregoing allegations are incorporated as if re-alleged herein.

15. Plaintiff ALFREDO LOZANO MARES was acquitted of all charges and had no other charges or holds pending against him. His continued detention to include handcuffing and shackling him, without any legal basis is a violation of his Right to Be Free from Unreasonable Seizures as protected by the Fourth Amendment to the United States Constitution.

16. Plaintiff ALFREDO LOZANO MARES was acquitted of all charges and had no other charges or holds pending against him. His continued detention to include handcuffing and shackling him, without any legal basis is a violation of his Due Process Rights as protected by the Fifth Amendment to the United States Constitution.

17. Plaintiff ALFREDO LOZANO MARES was acquitted of all charges and had no other charges or holds pending against him. Had he been able to afford his bail bond, at the conclusion of the trial, Plaintiff ALFREDO LOZANO MAREZ would have been able to walk out of the front door of the courtroom as a freeman. His continued detention to include handcuffing and shackling him, without any legal basis is a violation of his rights to equal protection and treatment as afforded him under the Equal Protections Clause to the Fourteenth Amendment to the United States Constitution.

18. Plaintiff ALFREO LOZANO MARES was treated differently and his rights violated simply because he is indigent, in violation of the 14th Amendment.

19. Judge Juan Magallanes conceded to representations of court officers that it is the Sheriff's **_POLICY_** that all individuals must be processed "out" of jail, even upon acquittal and must therefore be transported, handcuffed and shackled back to the jail for out processing.

20. The Defendant Cameron County Sheriff Omar Lucio's policy to keep acquitted individuals handcuffed, shackled and detained, does not override the protections afforded to individuals under the United States Constitution. Because this is an official policy and Sheriff

4

Lucio has authority to make the policy Cameron County is a liable person under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

21.   Defendant Cameron County Sheriff Omar Lucio cannot establish a manifest necessity to justify their policy overriding the constitutional protections afforded individuals.

22.   Plaintiff ALFREDO LOZANO MARES's right to walk out of the courtroom a free man outweighed any interest of the Defendant in unlawfully restraining him.

23.   Defendant Cameron County Sheriff Omar Lucio acted intentionally with callous disregard for Plaintiff ALFREDO LOZANO MARES's clearly established constitutional rights.

24.   Defendant Cameron County Sheriff Omar Lucio actions have caused Plaintiff ALFREDO LOZANO MARES unwarranted and extreme embarrassment, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish and distress over his continued unlawful restraint after his acquittal.

25.   Plaintiff has suffered the monetary loss for the costs of litigation expenses including attorney fees.

## DEMAND FOR JURY TRIAL

26. In the above styled and numbered cause, ALFREDO LOZANO MARES demands a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ALFREDO LOZANO MARES request judgment against Defendants as follows:

A.   For appropriate declaratory relief under 28 U.S.C. 2201 and 2202, 42 U.S.C. 1983 and Rule 57 of the Federal Rules of Civil Procedure regarding the unlawful and unconstitutional practices of Defendant.

B. For appropriate compensatory damages in an amount to be determined at trial.

C. For an award of reasonable attorney's fees and his costs on his behalf expended as to such Defendants pursuant to the Civil Rights Act of 1871, 42 U.S.C. Section 1988; and

E. For such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

/s/ *Ed Stapleton*

Ed Stapleton
**Attorney in Charge**
Texas State Bar Number: 19058400
So. District No. 1501
2401 Wildflower Dr. Ste. C
Brownsville, Texas 78526
Telephone: (956) 504-0882
Fax: (956) 504-0814


LAW OFFICE OF NAT PEREZ, JR.

/s/ *Nat Perez*

Nathaniel Perez
Texas State Bar No. 15777790
So. Distrit No. 15133
847 E. Harrison Street
Brownsville, Texas 78520
Telephone: (956)548-1213
Fax (956) 548-1304


*/s/ Michael Gonzalez*
MICHAEL GONZALEZ
Texas State Bar No. 24077594
So. District No. 1683056
623 E. St. Charles St.
Brownsville, Texas 78520

Telephone (956) 572-6792
Fax: (512) 532-0307